UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAYLOR HUEMOELLER, a/k/a TAYLOR KLEIN<br><br>Defendant. | 3:21-CR-30086-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |

On August 15, 2022, this Court sentenced Defendant Taylor Huemoeller a/k/a Taylor Klein (Huemoeller) to 120 months of imprisonment for conspiracy to distribute methamphetamine followed by five years of supervised release. Doc. 62. At the time of the sentencing, Huemoeller was in Criminal History Category VI with a guideline range of 151 to 188 months. Huemoeller had 13 criminal history points, including two "status points" for committing the crime while under another criminal justice sentence.

Huemoeller filed a pro se Motion for Reduction in Sentence, Doc. 67, asserting that she should receive relief due to the retroactive change to § 4A1.1(c) of the United States Sentencing Commission's Guidelines Manual. The United States has responded opposing Huemoeller's motion. Doc. 69.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with

1

applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decided that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e) and the rules set forth in Dillon, Huemoeller is entitled to receive just one status point rather than two status points. With that

2

reduction, Huemoeller has a total of 12 criminal history points and lands in criminal history category V, instead of VI. As a result, her guideline range becomes 140 to 175 months, rather than 151 to 188 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

This change in the guideline range, however, justifies no change to Huemoeller's 120-month sentence. Under U.S.S.G. § 1B1.10, this Court may not reduce a defendant's term of imprisonment to "less than the minimum of the amended guidelines range" after application of the amendments. Dillon, 560 U.S. at 821. Thus, § 1B1.10 restricts this Court when considering retroactive application of the guidelines amendment to a sentence no lower than 140 months—the bottom end of the lowered guidelines range. This Court imposed a 120-month sentence, a better result for Huemoeller than what can be done on a motion to seek retroactive application of Amendment 821. Therefore, for good cause, it is

ORDERED that Huemoeller's Motion for Adjustment of Sentence, Doc. 67, is denied.

DATED this 3rd day of May, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE